[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO COMPEL
This is a medical negligence action. In this case the plaintiff was examining the defendant doctor at a deposition and certain objections were made to the questions asked of this radiologist. Plaintiff's counsel claims he was not permitted to pursue his line of questioning and requests permission to depose the doctor again and ask questions regarding the standard of care.
The plaintiff also request permission to ask the doctor questions concerning the standard of care for gynecologists — a co-defendant is a gynecologist. Counsel believes he was not permitted to pursue this line of questioning at the deposition. The plaintiff has filed a motion to compel requesting the court to permit a third deposition of this doctor so counsel can pursue his inquiries in the areas mentioned.
At the time of the deposition the parties stipulated that all objections, except as to form of the question would be reserved to the time of trial.
First the court should set out its position on these matters when such an agreement is made by counsel before a deposition. A party during the middle of a deposition should not be allowed to break the terms of his or her agreement on the nature of permitted objections. A party should not be allowed during a deposition to challenge lines of inquiry in a manner not contemplated by our rules. As said in Pavlinko v. Yale-New Haven Hospital, 192 Conn. 138
CT Page 7728 (1984): "All questions, including those objected to are to be answered . . . unless the objecting party procures from the court a protective order precluding or limiting the scope of disclosure." id. at page 221. If a party objected to questions other than on the basis of form and ordered his or her client not to answer questions the whole deposition procedure would collapse. A party has a perfect right to object at trial to any deposition testimony, Practice Book § 248(2); if it wants more protection, all it has to do is follow the rules providing for the securing of pre-deposition protective orders. was a compound question that was because of that vague. After the objection counsel rephrased the question and plaintiff's counsel did proceed.
The second question which the plaintiff claims Dr. Wallace was instructed not to answer was
 "You would agree, would you not Doctor, that when finding a solid lesion that one has to rule out malignancy as a cause for the solid lesion?"
At the deposition objections were raised to the effect that it was unclear whether Dr. Wallace was being asked the question as a radiologist. Plaintiff's counsel said he would claim the question as asked and then proceeded to ask
 "Doctor, can you tell me whether as a radiologist when you see a solid lesion whether you want to make sure that you rule out malignancy as a cause?"
The doctor did answer this question. Also a second deposition was held on May 11, 1992 of this same doctor and at pp. 121 and 151 plaintiff's counsel pursued a standard of care inquiry without objection. Under these circumstances the court will not grant the motion to compel so as to permit further deposition of Dr. Wallace. He has been required to attend two depositions and the court does not feel from the depositions it has read that the plaintiff was foreclosed from asking standard of care questions.
As to the right to a further deposition to ask Dr. Wallace questions concerning the relevant gynecological standard of care and the standard of care for patients CT Page 7729 having breast lesions, the court agrees with plaintiff for reasons previously stated the doctor could not be instructed to refuse to answer such questions. However, nowhere in the transcript does it appear that plaintiff's counsel asked this doctor any questions in this area which opposing counsel instructed the doctor not to answer. It seems to the court that if a party wants to subject a witness to a third deposition some two years after the last one something more is required than an assertion that the questions now sought to be asked weren't asked because counsel surmised the questions would have been objected to.
Counsel should be required to make a record at the deposition by posing the question before he or she should be permitted to run to the court for a motion to compel a new deposition. Maybe opposing counsel's previous objections were only as to form (see previous discussion), perhaps if the questions were actually posed counsel might reconsider and not in fact object — these are sufficient reasons to require the making of such a record. Also there is nothing in the court's reading of this deposition transcript to indicate that opposing counsel acted in such a way as to prevent plaintiff's counsel from making a record of this sort. The atmosphere of the deposition was not hostile or rancorous and it appears the parties politely expressed their objections and disagreements in a deposition of some 86 pages that went on for approximately two hours on April 11; the second deposition is reflected in a transcript of some 58 pages (May 11, 1992). There was no want of opportunity to make a record.
Counsel for the defendant have asked for sanctions in the form of costs and reasonable attorneys' fees. The court does not feel that to be appropriate in this case. These types of sanctions don't seem to be specifically authorized by Practice Book § 231 in situations arising out of deposition procedures. The plaintiff's motion to compel is however denied.
Corradino, J. CT Page 7730